UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                      Case No. 8:23-cr-388-TPB-CPT

MATTHEW FREDERIC BERGWALL
    a/k/a "MXB"

**UNITED STATES' MOTION
FOR AN ORDER OF FORFEITURE**

The United States moves this Court, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), to enter an order of forfeiture against the defendant in the amount of $224,030, representing the amount of proceeds he personally obtained as the result of the mail fraud conspiracy charged in Count Two of the Indictment. In support thereof, the United States submits the following.

**MEMORANDUM OF LAW**

I. **Statement of Facts**

    A. **Allegations Against the Defendant**

1. In pertinent part, the defendant was charged in an Indictment with mail fraud conspiracy, in violation of 18 U.S.C. § 1349 (Count Two). Doc. 1.

2. The Indictment contained forfeiture allegations putting the defendant on notice that, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the United States would seek to forfeit any property constituting, or derived from

proceeds the defendant obtained, directly or indirectly, as a result of such violation, including, but not limited to, an order of forfeiture. *Id.* at 8-9.

### B. Findings of Guilt and Admissions Related to Forfeiture

3.  The defendant pleaded guilty to Count Two of the Indictment. Docs. 44 and 46. The Court accepted the defendant's plea and adjudicated him guilty. Doc. 47.

4.  The defendant admitted in his Plea Agreement that he personally obtained $224,030 in proceeds from the mail fraud conspiracy charged in Count One of the Indictment. Doc. 39 at 19-21.

5.  Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendant admitted and agreed that the United States was entitled to an order of forfeiture in the amount of $224,030, representing the amount of proceeds the defendant personally obtained as a result of the conspiracy offense. Doc. 39 at 10. Moreover, the defendant agreed that the order of forfeiture should be final upon entry. *Id.* at 11.

## II. Applicable Law

### A. Forfeiture Statute

Forfeiture in this case is governed by 18 U.S.C. § 981(a)(1)(C), which provides for the civil forfeiture of any property, real or personal, that constitutes or is derived from proceeds traceable to a violation of any offenses constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title). A violation of 18

U.S.C. § 1349 is a "specified unlawful activity" under 18 U.S.C. § 1956(c)(7). *See* 18 U.S.C. § 981(a)(1)(C) and 18 U.S.C. § 1956(c)(7)(D). Pursuant to 28 U.S.C. § 2461(c), the United States is authorized to forfeit this property criminally utilizing the procedures set forth in 21 U.S.C. § 853.

### B. Court's Determination of Forfeiture

Pursuant to Rule 32.2(b)(2), because the United States could not locate all of the specific property constituting or derived from the proceeds the defendant obtained from his mail fraud conspiracy offense, the United States seeks an order of forfeiture against the defendant in the amount of proceeds he obtained from his offense. Indeed, for cases in which a defendant no longer has the actual dollars or property traceable to proceeds in his/her possession, or the government cannot locate those assets, the obligation to forfeit simply takes the form of an order of forfeiture in favor of the United States. *See United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008).

Rule 32.2(b)(1) provides that the court must determine the amount of money that the defendant will be ordered to pay. The Court's determination may be based on evidence submitted by the parties and accepted by the Court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). As the defendant has agreed, he personally obtained $224,030 in proceeds as a result of the mail fraud conspiracy. If the Court finds that the defendant obtained at least $224,030 as a result of his mail fraud conspiracy offense and that the defendant has dissipated those proceeds, then it

is appropriate for the Court to enter an order of forfeiture against the defendant in that amount pursuant to Rule 32.2(b)(2).

### III. Conclusion

For the reasons stated above, the United States requests that the Court, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), enter an Order of Forfeiture against the defendant in the amount of $224,030.

As required by Federal Rule of Criminal Procedure 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and include the forfeiture order, directly or by reference, in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(A) and (B).

In accordance with Rule 32.2(b)(4) and the defendant's plea agreement (Doc. 39 at 11), the United States asks that the order of forfeiture be made final as to the defendant at the time it is entered.

Finally, the United States further requests that the Court retain jurisdiction to order any substitute assets forfeited to the United States up to the amount of the order of forfeiture.

                                                Respectfully Submitted,

                                                ROGER B. HANDBERG
                                                United States Attorney

By:  *s/James A. Muench*
       JAMES A. MUENCH
       Assistant United States Attorney
       Florida Bar Number 472867
       400 North Tampa Street, Suite 3200
       Tampa, Florida 33602
       (813) 274-6000 – telephone
       E-mail: james.muench2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to counsel of record.

                                                *s/James A. Muench*
                                                JAMES A. MUENCH
                                                Assistant United States Attorney